IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

J. DOE,

    Plaintiff,

v.                                                      Civ. No. 21-103 SCY/KK

FARMINGTON MUNICIPAL
SCHOOLS *et al.*,

    Defendants.

**ORDER GRANTING LEAVE TO PROCEED ANONYMOUSLY
AND QUASHING ORDER TO SHOW CAUSE**

THIS MATTER is before the Court on Plaintiff's Unopposed Motion to Proceed Anonymously or Under a Pseudonym (Doc. 16) ("Motion"), filed on April 6, 2021 in response to the Court's March 23, 2021 Order to Show Cause. (Doc. 13.) In her Motion, Plaintiff seeks leave to proceed as "J. Doe" in this lawsuit. (*Id.*; *see* Doc. 1-3.) The Court, having reviewed the unopposed Motion, the record, and the relevant law, FINDS that the Motion is well-taken and should be GRANTED as set forth below. The Court further FINDS that its Order to Show Cause should be QUASHED.

**I.     Background**

On November 2, 2020, Plaintiff filed her complaint in this matter in state court under the pseudonym "J. Doe."  (Doc. 1-3 at 1.) In the complaint, Plaintiff asserts claims against Defendant Farmington Municipal Schools and five of its officers and employees for negligence, violations of Title IX and the Due Process Clause of the Fourteenth Amendment, civil conspiracy, and "[f]ailure to [r]eport." (*Id.* at 8-14.) In support of these claims, Plaintiff alleges that a fellow football team member at Piedra Vista High School raped her on school grounds after a football team dinner, and that Defendants failed to investigate or report the sexual assault, discipline the fellow student, or

otherwise protect Plaintiff before or after the assault from a sexually hostile environment at the school. (*See generally id.*)

Defendants removed the case to federal court on February 8, 2021. (Doc. 1 at 1.) On March 23, 2021, the Court issued an Order to Show Cause requiring Plaintiff to "either (1) file a properly supported motion to proceed anonymously or under a pseudonym in this lawsuit, or (2) show cause why she has failed to file such a motion." (Doc. 13 at 2.) Plaintiff timely filed the present Motion on April 6, 2021 in response to the Court's Order to Show Cause. (Doc. 16.)

**II.     Analysis**

As a preliminary matter, the Court must address whether it has jurisdiction to rule on Plaintiff's Motion even though she did not seek leave to proceed anonymously *before* filing her complaint. In *W.N.J. v. Yocom*, 257 F.3d 1171 (10th Cir. 2001), the plaintiffs filed suit under pseudonyms without seeking the district court's leave. *Id.* at 1172. Without addressing the anonymity question, the district court granted the defendant summary judgment, and the plaintiffs appealed. *Id.* The Tenth Circuit dismissed the appeal for lack of jurisdiction because the plaintiffs had not obtained leave to proceed under pseudonyms. *Id.* at 1172-73. *Inter alia*, the Tenth Circuit determined that the district court lacked jurisdiction to enter summary judgment because it had not granted the plaintiffs leave to proceed under pseudonyms when it made its substantive ruling. *Id*. Moreover, the Tenth Circuit held that the district court could not correct this jurisdictional defect *nunc pro tunc* while the case was on appeal. *Id*.

In dicta, the *Yocom* court stated, "[w]hen a party wishes to *file* a case anonymously or under a pseudonym, it must *first* petition the district court for permission to do so." *Id*. at 1172 (emphases added). In support of this statement, the court cited to *National Commodity & Barter Association v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). *Gibbs*, however, did not directly address when a

party seeking to proceed anonymously must get permission from the district court. In addition, what *Gibbs* did say suggests that such permission might properly be obtained after the complaint is filed. *See* 886 F.2d at 1245 ("In this case, the unnamed plaintiffs have made no request to the district court for permission to proceed anonymously, nor have they otherwise disclosed their identities to the court or to the defendants."). Reading *Yocom* in harmony with *Gibbs*, the Court does not believe it is bound to a strict reading of *Yocom*'s dicta.

Moreover, the Court notes that it would have been impossible for Plaintiff to strictly comply with *Yocom*'s dicta in this case because she initially filed suit in state court and Defendants then removed the case to this Court. Thus, Plaintiff had no opportunity to seek this Court's permission to proceed anonymously before filing her complaint in federal court. In fairness, the Court concludes that Plaintiff must be afforded a reasonable period of time after removal to seek leave to proceed anonymously.

Plaintiff filed the present Motion within the time the Court allowed and before discovery has begun. (Docs. 13, 16.) The Court therefore concludes that she has sought leave to proceed anonymously within a reasonable time after removal and that it has jurisdiction to rule on the Motion. However, *Yocom* makes clear that Plaintiff must either obtain such leave or proceed in her own name before the Court will have jurisdiction to issue substantive rulings in the case.

Turning to the merits of Plaintiff's Motion, Plaintiff argues that "the highly sensitive and personal nature of the alleged harm in the case outweighs the public interest in requiring [her] to disclose her identity." (Doc. 16 at 2.) Plaintiff points out her allegations that she "was sexually assaulted by a classmate, who is facing criminal charges, when she was a minor and still in high school," and that "the harm she suffered as a result is highly sensitive in nature." (*Id.* at 2-3.) Moreover, she adds, "[t]he events at issue in this case all occurred in a small town and Plaintiff

fears retaliation, particularly because her sister is still a student at Piedra Vista High School alongside Plaintiff's alleged rapist." (*Id.* at 3.) Finally, Plaintiff observes that allowing her to proceed anonymously will not prejudice Defendants because they know her full name and identity and she "does not seek to shield her identity from defense counsel or this Court." (*Id.* at 3.)

"Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quotation marks omitted). Federal Rule of Civil Procedure 10 provides that a complaint's title "must name all the parties," and Rule 17 states that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a), 17(a). The Rules include no exception that would allow competent adults to proceed anonymously or under fictitious names or initials. *Yocom*, 257 F.3d at 1172; *see also Gibbs*, 886 F.2d at 1245 ("The Federal Rules thus make no provision for suits by persons using fictitious names or for anonymous plaintiffs.").

"Nevertheless, in certain limited circumstances, courts do allow a party to proceed under a pseudonym." *Yocom*, 257 F.3d at 1172 (quotation marks omitted). Specifically, the Tenth Circuit has held that a plaintiff should be permitted to proceed anonymously in

> exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246. In determining whether a plaintiff should be permitted to proceed anonymously, a court must weigh the "plaintiff's interest in privacy against the public's interest in access to open court proceedings." *Patton v. Entercom Kansas City, LLC*, No. 13-2186, 2013 WL 3524157, at *1 (D. Kan. July 11, 2013).

Courts considering whether alleged victims of sexual violence should be permitted to proceed anonymously have reached different conclusions. *Compare, e.g., Doe v. Shakur*, 164

F.R.D. 359, 362 (S.D.N.Y. 1996) (denying leave to proceed anonymously) *and Rose v. Beaumont Indep. School Dist.*, 240 F.R.D. 264, 269 (E.D.Tex. 2007) (same) *with Doe v. Cabrera*, 307 F.R.D. 1, 10 (D.D.C. 2014) (granting leave to proceed anonymously pretrial), *Doe v. Boulder Valley Sch. Dist. No. RE-2*, No. 11-CV-02107-PAB, 2011 WL 3820781, at *3 (D. Colo. Aug. 30, 2011) (granting leave to proceed anonymously), *and Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198-99 (E.D.N.Y. 2006) (same). Courts granting leave have noted that protecting the privacy of sexual assault victims encourages other victims to report such crimes and avoids the risk of exacerbating the psychological harm the victims suffered. *Cabrera*, 307 F.R.D. at 6; *Kolko*, 242 F.R.D. at 195.

In the present matter, the Court concludes that Plaintiff should be permitted to proceed anonymously in pretrial proceedings.[1] Plaintiff's allegations that she was sexually assaulted as a minor clearly concern highly personal and sensitive matters. *Does v. United States Olympic Comm.*, No. 19-CV-00737-PAB-KMT, 2019 WL 2992031, at *1 (D. Colo. July 9, 2019) ("[S]exual abuse suffered by a minor is a matter of a highly sensitive and personal nature.") (quotation marks omitted); *see also Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (anonymity is warranted to "protect[] the identities of children, rape victims, and other particularly vulnerable parties") (quotation marks omitted); *Kolko*, 242 F.R.D. at 195 ("[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity."). Moreover, in the particular circumstances alleged here, requiring Plaintiff to proceed under her own name would risk subjecting her and her family to retaliation and exacerbated psychological harm. The Court therefore finds that Plaintiff's interest in privacy outweighs the public's countervailing interest in access to Plaintiff's identity in these proceedings.

---

[1] However, the Court defers ruling on whether Plaintiff should be permitted to remain anonymous at trial. *Cf. E.E.O.C. v. Spoa, LLC*, No. 13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (granting alleged sexual assault victim leave to remain anonymous in paper filings but requiring her to appear under her legal name in open court).

Moreover, the Court notes that Defendants will suffer no prejudice if Plaintiff is permitted to proceed anonymously. Defendants already know Plaintiff's name and, as explained below, will also have access to a sealed notice that discloses her true identity. As such, Defendants will not be hampered in their efforts to investigate and defend against Plaintiff's allegations if she is permitted to proceed as "J. Doe" in the public record. *See Plaintiff B v. Francis*, 631 F.3d 1310, 1318-19 (11th Cir. 2011) ("Defendants are aware of the Plaintiffs' identities and thus are not barred from conducting a full range of discovery in building a defense for trial."); *Kolko*, 242 F.R.D. at 198 (finding no prejudice to the defendants where they were given the plaintiff's full name). That Defendants have not opposed Plaintiff's request to proceed anonymously reinforces the Court's conclusion on this point.

In sum, the Court finds that the balance of factors tips in favor of allowing Plaintiff to proceed anonymously in pretrial proceedings in this case. However, in compliance with the Federal Rules of Civil Procedure, and to allow for application of the legal principles of issue and claim preclusion, *Femedeer*, 227 F.3d at 1246, Plaintiff will be required to file a notice, under seal, that discloses Plaintiff's true identity. *See Gibbs*, 886 F.2d at 1245 ("Absent permission by the district court to proceed anonymously, and under such other conditions as the court may impose (*such as requiring disclosure of their true identity under seal*), the federal courts lack jurisdiction over . . . unnamed parties.") (emphasis added).

### III.  Conclusion

IT IS THEREFORE ORDERED as follows:

1. Plaintiff's Unopposed Motion to Proceed Anonymously or Under a Pseudonym (Doc. 16) is GRANTED, and Plaintiff may proceed in all publicly accessible pretrial proceedings in this case as "J. Doe";

2.	No later than **Tuesday, April 20, 2021**, Plaintiff shall file a notice, *under seal*, that discloses her true identity. Access to the sealed notice shall be limited to the Court and case participants only; and,

3.	The Court's March 23, 2021 Order to Show Cause (Doc. 13) is QUASHED.

IT IS SO ORDERED.

                                                KIRTAN KHALSA
                                                UNITED STATES MAGISTRATE JUDGE