IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

J. DOE,

    Plaintiff,

v.                                                         Case No. 1:21-cv-103 SCY/KK

FARMINGTON MUNICIPAL SCHOOLS,
EUGENE SCHMIDT, Ph.D., in his official capacity,
DAVE GOLDEN, in his official capacity,
FRANK WHALEN, in his official capacity,
CLAY FOSTER, in his official capacity, and
JARED HOWELL, in his official capacity,
Jane Does 1-10, and John Does 1-10,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART INDIVIDUAL DEFENDANTS' MOTION TO DISMISS**

Plaintiff, a female kicker on her high school's football team, alleges that a teammate raped her. She asserts that her school district and several of its employees failed to take action to protect her from this rape and failed to adequately respond to her rape allegations. The individual Defendants[1] bring the present Motion to Dismiss Federal Claims for Monetary Damages or Alternatively for Qualified Immunity and Supporting Memorandum, filed August 20, 2021. Doc. 33. The motion seeks to dismiss counts II through V of the complaint (Doc. 1-3) against the individual Defendants. For the reasons stated below, the Court grants in part and denies in part the motion to dismiss.

---

[1] The individual defendants in this matter are Eugene Schmidt, Dave Golden, Frank Whalen, Clay Foster, and Jared Howell in their official capacities.

**BACKGROUND**

At the motion to dismiss stage, the Court views all facts in the light most favorable to the nonmoving party. *Strauss v. Angie's List, Inc.*, 951 F.3d 1263, 1267 (10th Cir. 2020). Accordingly, this recitation of the facts is based on the complaint (Doc. 1-3) unless otherwise indicated.

Plaintiff attended Piedra Vista High School from Fall 2015 to Spring 2019. In September 2018, Defendant Farmington Municipal Schools ("FMS") received a tort claims notice alleging criminal sexual contact between members of the football team, but did not take action to train, supervise, or discipline the alleged perpetrators. In November 2018, during her senior year, Plaintiff tried out for the football team and became its first female member, securing a position as a kicker.

After the team won a game on November 2, 2018, teammates went to a player's house for dinner. Plaintiff left the dinner, upset. A member of the team, C.R., saw her leaving and contacted her via Snapchat, telling her not to drive while upset and directing her to meet him at the school parking lot. Plaintiff met C.R. there and spoke with him through their open vehicle windows. C.R. made an excuse to encourage Plaintiff to enter his vehicle, then overpowered and raped her.

After the rape, Plaintiff informed three FMS employees, none of whom reported the incident despite being mandated reporters under statutory and school requirements. Plaintiff involved the police, but the football coaches "refused to cooperate with the criminal investigation" even as C.R., his family, and other students harassed Plaintiff at school. Doc. 1-3 ¶ 57. C.R. was accused of sexual misconduct by at least two other student prior to the attack on Plaintiff.

Plaintiff then sued, naming as defendants the school system FMS, its superintendent Eugene Schmidt, its Athletic Director Frank Whalen, the school's principal Dave Golden, the school's Athletic Coordinator Clay Foster, and the school's head football coach Jared Howell. Doc. 1-3 at ¶¶ 7–11. She alleges the following five counts:

Count I: Negligence and Violations of the New Mexico Tort Claims Act (against FMS)

Count II: Violations of Title IX (against FMS)

Count III: Denial of Substantive Due Process under 42 U.S.C. § 1983 (against the all defendants)

Count IV: Civil Conspiracy under New Mexico state law[2] (against all defendants)

Count V: Failure to Report (against all defendants)

The complaint seeks "all compensatory damages including the cost of psychological services required and reasonably probable to be required in the future, pain and suffering, emotional distress in the past and future and such other relief the Court deems just and proper." Doc. 1-3 at 13-14. The motion seeks to dismiss counts II through V against the individual defendants. Doc. 33 at 2. Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct all proceedings and to enter an order of judgment. Docs. 8, 9, 11.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief. "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to

---

[2] Count IV is a state claim. Doc. 40 at 9. The complaint's lack of clarity as to the cause of action led to confusion among the parties on this matter, but the individual defendants seek to dismiss Count IV notwithstanding the language in the motion seeking dismissal of "all federal claims." Doc. 33 at 2; Doc. 43 at 3–4.

relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a complaint does not require detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). The court's consideration, therefore, is limited to determining whether the complaint states a legally sufficient claim upon which the court can grant relief. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *See Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). Nor is the court required to accept as true legal conclusions that are masquerading as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must, however, view a plaintiff's allegations in the light most favorable to her. *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013).

## DISCUSSION

As an initial matter, the individual Defendants assert in their motion that it is not clear whether Plaintiff is suing them in their official or personal capacity (which is also referred to throughout the briefing as "individual capacity"). If she sued them in their personal capacity, Defendants argue that they are entitled to qualified immunity for any § 1983 claims. In response, Plaintiff also analyzes qualified immunity without addressing the personal/official capacity distinction. Doc. 40 at 12. However, Plaintiff's complaint makes clear that she is suing the individual Defendants in their official capacities only. *See* Doc. 1-3 at 1 (specifying in the

4

caption that each individual defendant is being sued in his or her official capacity) and ¶¶ 7–11 (stating each individual defendant "is named in his official capacity"). Because Plaintiff has sued the individual Defendants in their official capacities only, the doctrine of qualified immunity does not apply. *See Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1264 n.4 (10th Cir. 2009) (qualified immunity protects "officials sued in their personal capacities," not in their official capacities). This is because suits against officials in their official capacities are really suits against a public entity, and qualified immunity does not provide a shield to public entities. Accordingly, the Court need not address qualified immunity and instead will only look at Plaintiff's § 1983 claims against the individual Defendants in their official capacities.

**I.   The individual Defendants' motion to dismiss count II is denied as moot because Plaintiff only brings count II against FMS.**

In count II, Plaintiff alleges violations of Title IX. The individual Defendants seek dismissal of count II against them because a plaintiff may not receive money damages against an individual under Title IX. Doc. 33 at 5; *see also Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2009) (Title IX "has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals"). Plaintiff clarifies in her response that her Title IX claim is only against FMS, not the individual defendants. As such, the individual Defendants' motion to dismiss count II is denied as moot.

**II.   Eleventh Amendment immunity does not apply to the § 1983 official capacity claims against the individual defendants because those defendants not agents of a state.**

Count III of Plaintiff's complaint alleges denial of due process under § 1983. Plaintiff sues each of the individually named Defendants in their official capacities. Doc. 1-3 (noting in caption that individually named Defendants are sued in their official capacities). Plaintiff also brings count III against Defendant FMS. Doc. 1-3 at ¶ 98 ("As a direct and proximate result of

5

Defendant FMS' breach of duty, Doe suffered physical, psychological, and emotional injury and damages.").

When a person acting under color of state law deprives an individual of her constitutional rights, 42 U.S.C. § 1983 provides a path to sue. *West v. Atkins*, 487 U.S. 42, 48 (1988). A § 1983 plaintiff may sue a defendant in his personal capacity—that is, "to impose personal liability upon a government official for actions he takes under color of state law," *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)—or in his official capacity. An official-capacity suit is, "in all respects other than name, to be treated as a suit against the entity" for which the individual acts as an agent, rather than against the individual himself. *Id.* at 166 (quotation omitted). Thus, "where a plaintiff chooses to sue both the municipality and municipal official in an official capacity, courts consistently dismiss the official capacity claim as 'duplicative' or 'redundant' of the claim against the municipal entity." *N.F. on behalf of M.F. v. Albuquerque Pub. Sch.*, No. 14-CV-699 SCY/SMV, 2015 WL 13662805, at *2 (D.N.M. May 4, 2015) (citing *McDonald v. Wise*, 769 F.3d 1202, 1214-15 (10th Cir. 2014) & *Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009)). Such is the case here: Plaintiff has sued FMS and its agents in their official capacity such that the claims against the individual defendants are likely redundant of the claims against FMS.

As it pertains to count III, however, the Court does not read Defendants' motion to dismiss as seeking dismissal of the individual Defendants on grounds that the official capacity claims against them are redundant of the claims against Defendant FMS. Instead, Defendants assert that Plaintiff cannot seek monetary damages against them as *state* officials sued in their official capacity because *state* officials are not "persons" for § 1983 purposes. In other words, rather than arguing that naming the individual Defendants is redundant, Defendants are arguing that, as state employees, the individual Defendants are immune from suit under the Eleventh

6

Amendment to the United States Constitution. Because Eleventh Amendment immunity is the only grounds on which the individual defendants seek dismissal of count III, it is the only grounds for dismissal that the Court will address.

The Eleventh Amendment grants states—and therefore state officials sued in their official capacity—sovereign immunity from suit unless the state waives its immunity, Congress has overridden state immunity under § 5 of the Fourteenth Amendment, or a state official is sued for injunctive relief in place of the state. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *Ex parte Young*, 209 U.S. 123 (1908); *see also Hill v. Kemp*, 478 F.3d 1236, 1256 (10th Cir. 2007) (referring to *Young* as employing an "admitted fiction that a suit seeking an injunction against a state employee seeking to do his or her job is (somehow) different in substance than a suit against the state itself"). Accordingly, unless one of the above exceptions applies, suits for damages against a state or state official sued in his official capacity are not permitted.

Defendants base their argument on the Supreme Court's decision in *Will*. Doc. 33 at 6. There, the Court held that § 1983 does not "disturb the States' Eleventh Amendment immunity." *Will*, 491 U.S. at 67. In other words, the above rules apply in full force to a § 1983 suit, meaning state officials sued in their official capacities for money damages are not "persons" for the purposes of § 1983 because the suit is "no different from a suit against the State itself." *Id.* at 71. State protections under the Eleventh Amendment also extend to non-state governmental entities that function as "arms of the state"—entities that are "created by state governments" and "operate as alter egos or instrumentalities of the states." *Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 574 (10th Cir. 1996) (citations omitted). Employees of arms of the state, sued in their official capacities for damages, receive Eleventh Amendment protection in the same manner that state officials do. *See Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017).

However, not all public or governmental entities are arms of the state. For example, political subdivisions, such as counties or municipalities, are not "arms of the state." *Elam Const., Inc. v. Regional Transp. Dist.*, 129 F.3d 1343, 1345 (10th Cir. 1997). Here, Plaintiff sues various employees of a public school district in their official capacities. The individual Defendants argue that, as public school district employees, the individual defendants are state officials. Doc. 33 at 6. Being sued only in their official capacity, Defendants continue, they are not "persons" for purposes of § 1983 and so are not subject to liability. *Id.*

Plaintiff does not respond to this argument. In reply, the individual Defendants therefore assert that Plaintiff has waived any challenge to their argument. Doc. 43 at 9. It is true that failure to respond to an issue may constitute a waiver and therefore may warrant dismissal with prejudice. *Rock Roofing, LLC v. Travelers Cas. & Surety Co. of Am.*, 413 F. Supp. 3d 1122, 1128 (D.N.M. 2019). However, "even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003). Failure to respond to an argument is not, in and of itself, enough to merit dismissal for failure to state a claim.

Turning to the merits of the issue itself, the Court finds that the complaint alleges facts sufficient to survive the individual Defendants' motion to dismiss. Critically, New Mexico school districts and school boards are not considered arms of the state, so the Eleventh Amendment does not shield them from § 1983 liability. *See Duke v. Grady Mun. Schs.*, 127 F.3d 972, 981 (10th Cir. 1997). Defendants acknowledge this holding in *Duke*, but assert that "[w]hile New Mexico courts have held that a plaintiff may be entitled to bring an official capacity lawsuit

under § 1983 for monetary damages against school boards and their members, these individual Defendants are not school board members." Doc. 43 at 8.

*Duke*, however, explicitly held that "*school districts* and their governing boards in New Mexico are not arms of the state, and they are accordingly not shielded by the Eleventh Amendment from liability for a § 1983 action in federal court." *Duke*, 127 F.3d at 981 (emphasis added). Because FMS, as a school district, is not a state entity and does not enjoy sovereign immunity, its agents—the individual Defendants—are also not *state* officials under *Will* and so remain subject to suit for damages in their official capacities. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n.55 (1978) ("Since official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent—at least where Eleventh Amendment considerations do not control analysis—our holding today that local governments can be sued under § 1983 necessarily decides that local government officials sued in their official capacities are 'persons' under § 1983 in those cases in which, as here, a local government would be suable in its own name."). Eleventh Amendment considerations, therefore, do not warrant dismissal of this claim. Although Plaintiff failed to make this argument herself, the Court may not apply the Eleventh Amendment to dismiss her claims when the United States Supreme Court has clearly held that the Eleventh Amendment does not apply in cases like this where the governmental entity being sued is not a state entity.

**III.   Count IV (civil conspiracy) is subject to dismissal because the New Mexico Tort Claims Act does not permit suits for civil conspiracy against public employees.**

Plaintiff alleges a civil conspiracy among the Defendants "to deprive Doe of her rights under the Fourteenth Amendment and Title IX." Doc. 1-3 ¶ 100. Although not clear in her Complaint, Plaintiff clarifies in response that she brings this claim under New Mexico state law.

9

Doc. 40 at 9. The individual Defendants argue that no waiver of sovereign immunity exists to permit this suit under the New Mexico Tort Claims Act ("NMTCA"), N.M.S.A. § 41-4-4(A).

The NMTCA "grant[s] governmental entities and employees a general immunity from tort liability," but "waive[s] that immunity in certain defined circumstances." *Cobos v. Dona Ana Cnty. Housing Auth.*, 1998-NMSC-049, ¶ 6, 970 P.2d 1143, 1145. State law civil conspiracy claims are not one of those defined circumstances; the NMTCA continues to shield public employees against those claims. *Gerhardt v. Mares*, 179 F. Supp. 3d 1006, 1061 (D.N.M. 2016). The individual Defendants, as public school employees, are public employees within the meaning of the NMTCA. *See C.H. v. Los Lunas Schs. Bd. of Educ.*, 852 F. Supp. 2d 1344, 1358 (D.N.M. 2012). Therefore, the NMTCA shields the individual Defendants against state law civil conspiracy claims and the Court grants Defendants' motion to dismiss as to count IV.

**IV.     As in Count III, for purpose of Count V, Eleventh Amendment immunity does not apply to the § 1983 official capacity claims against the individual defendants because those defendants are not agents of a state.**

In count V of her complaint Plaintiff alleges that "FMS' employees and/or agents" knew of, but failed to report, allegations of Doe's sexual assault to the appropriate persons, despite a statutory duty to do so. Doc. 1-3 ¶¶ 104–07. Plaintiff does not, however, state in her complaint what legal vehicle she is using to pursue her claim under count V. In their motion, "based on the language in count V that the alleged failure to report constituted 'deliberate indifference' and created a 'hostile environment,' Defendants assume count V is based on § 1983 and/or Title IX, both of which address the issues of deliberate indifference and a hostile environment." Doc. 33 at 7. In her response, Plaintiff clarifies that her claim under count V is for failure to investigate and discipline based on practices "so permanent and well settled as to constitute a 'custom or usage' with the force of law," quoting *Monell v. Department of Social Services of the City of New York*,

436 U.S. 658 (1978). *Monell* is a § 1983 case. Under *Monell*, "[w]here the sum of multiple officers' actions taken pursuant to municipal policy results in a constitutional violation, the municipality may be directly liable." *Crowson v. Washington Cty. Utah*, 983 F.3d 1166, 1191 (10th Cir. 2020). Plaintiff makes no mention of Title IX in count V and, in response to the Defendants' motion noting that Plaintiff did not indicate the legal basis for her claim, Plaintiff clarified that she is pursuing a *Monell* claim in count V. Doc. 40 at 11. In other words, Plaintiff clarified that she is making a § 1983 constitutional violation claim rather than a Title IX claim.[3]

       This ambiguity having been clarified, the Court turns to the merits of Defendants' argument. Defendants' challenge to count V is the same as its challenge to count III—Defendants assert that they enjoy sovereign immunity under the Eleventh Amendment and that, by failing to address this argument in her response brief, Plaintiff has waived any challenge to it. Doc. 33 at 8 ("Therefore, for the reasons Plaintiff's . . . § 1983 claims fail, . . . Plaintiff's 'failure to report' claim in Count V, to the extent it forms the basis of her Title IX or § 1983 claim, also fails.") and Doc. 43 at 9-10 ("By ignoring Defendants' argument, as set forth above, Plaintiff has either waived or abandoned any argument that she is entitled to monetary damages against the individual Defendants in their official capacities or has consented to the dismissal of that claim."). The Court denies Defendants' Eleventh Amendment argument and waiver argument as it applies to count V for the same reasons it denied these arguments as applied to count III.

---

[3] In her response, Plaintiff references N.M.S.A. § 32A-4-3. Doc. 40 at 12. This statute imposes a duty to report reasonably suspected child abuse upon "[e]very person" in New Mexico, including school employees. N.M.S.A. § 32A-4-3 (2021). However, the complaint contains no allegations that any of the individual Defendants named in this case themselves received information that would trigger their duty to report, nor does New Mexico's mandatory reporting law (that makes failure to report a misdemeanor crime) contain a private right of action provision. *Id.*

## CONCLUSION

In summary, the Court rules as follows:

- Individual Defendants' motion to dismiss as to count II is DENIED AS MOOT because Plaintiff only brings count II against FMS;

- the motion to dismiss as to count III is DENIED because FMS, as a schools district, and its employees sued in their official capacity are not arms of the state and therefore do not receive Eleventh Amendment protection;

- the motion to dismiss as to count IV is GRANTED and count IV against the individual Defendants is dismissed because the New Mexico Tort Claims Act protects the individual Defendants, as public school employees, from suit for civil conspiracy; and

- the motion to dismiss as to count V is DENIED because FMS, as a school district, and its employees sued in their official capacity are not arms of the state and therefore do not receive Eleventh Amendment protection.

**IT IS SO ORDERED.**

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent