IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

J. DOE,

    Plaintiff,

v.                                                                     Civ. No. 21-103 SCY/KK

FARMINGTON MUNICIPAL SCHOOLS,
EUGENE SCHMIDT, Ph.D., in his official
capacity, DAVE GOLDEN, in his official
capacity, FRANK WHALEN, in his official
capacity, CLAY FOSTER, in his official
capacity, and JARED HOWELL, in his official
capacity, Jane Does 1-10, and John Does 1-10,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING DUPLICATIVE CLAIMS

        Plaintiff brings this lawsuit against Defendants Farmington Municipal Schools ("FMS") and individual Defendants Eugene Schmidt, Ph.D., Dave Golden, Frank Whalen, Clay Foster, and Jared Howell in their official capacities. Defendants bring the present motion to dismiss the claims against the individual defendants in their official capacities as duplicative of the claim against FMS and redundant. Doc. 49.

        Previously, the Court noted that "Plaintiff's complaint makes clear that she is suing the individual Defendants in their official capacities only." Doc. 45 at 4 (citing Doc. 1-3 at 1 (specifying in the caption that each individual defendant is being sued in his or her official capacity) and *id.* ¶¶ 7-11 (stating each individual defendant "is named in his official capacity")). Relying on this interpretation, the Court denied the individual Defendants' motion for qualified immunity—given that qualified immunity is available only to defendants sued in their personal capacities. Doc. 45 at 5. Plaintiff has never challenged this interpretation of the complaint.

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* (internal quotation marks omitted). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, *in all respects other than name*, to be treated as a suit against the entity." *Id.* (emphasis added). "It is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* (emphasis in original). "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Id.*

"[A] § 1983 action appropriately is pleaded against a municipality either by naming the municipality itself or by naming a municipal official in his or her official capacity. Naming either is sufficient. Naming both is redundant." *Stump v. Gates*, 777 F. Supp. 808, 816 n.3 (D. Colo. 1991) (citations omitted), *aff'd on other grounds*, 986 F.2d 1429 (10th Cir. 1993). Accordingly, where "a plaintiff chooses to sue both the municipality and the municipal officials in their official capacities, courts routinely dismiss the official capacity claims as redundant." *Buck v. City of Albuquerque*, No. 04cv1000, 2006 WL 8443817, at *2 (D.N.M. Aug. 8, 2006) (citing *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001); *Rose R. v. Connelly*, 889 F.2d 435, 437 (2d Cir. 1989); *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987); *DeYapp v. Tracy*, No. 02-452 JP/RLP, slip op. at 12 (D.N.M. June 28, 2004); *Sims v. Unified Gov't of Wyandotte County/Kansas City*, 120 F. Supp. 2d 938, 944 (D. Kan. 2000); *Doe v. Douglas County Sch. Dist.*, 775 F. Supp. 1414, 1416 (D. Colo. 1991)); *see also Klaassen v. Atkinson*, 348 F. Supp. 3d 1106, 1159 (D. Kan. 2018) (official-capacity suit against dean of school of medicine was

equivalent to suit against university for res judicata purposes). Indeed, in its prior order, the Court noted that "Plaintiff has sued FMS and its agents in their official capacity such that the claims against the individual defendants are likely redundant of the claims against FMS." Doc. 45 at 6. The Court, at that time, did not dismiss the official capacity claims because such a request was not before it, as it is now.

Plaintiff acknowledges that "[o]fficial capacity suits represent another way of pleading an action against a governmental entity of which the official is an employee." Doc. 61 at 5. But Plaintiff nonetheless opposes the motion to dismiss. Plaintiff points to Judge Browning's decision in *Vondrak v. City of Las Cruces*, in which he observed that a motion to dismiss duplicative claims can be viewed as the equivalent of a motion to strike. No. 05-0172 JB/LFG, 2009 WL 1300945, at *2 n.1 (D.N.M. Mar. 30, 2009). And, Plaintiff argues, motions to strike redundant material are disfavored for being "purely cosmetic" or "time wasters," and should be denied unless the challenged allegations cause some form of "significant prejudice." Doc. 61 at 5 (quoting *Lane v. Page*, 272 F.R.D. 581, 599 (D.N.M. 2011)). Therefore, Plaintiff argues the current motion should be denied because defendants allege no prejudice in having duplicative claims brought against them. *Id.*

The problem with Plaintiff's argument is that, based on the case law cited above, the federal courts do not appear to consider motions to dismiss official-capacity defendants to be "time wasters" or "purely cosmetic." Rather, as explained above, such motions are routinely granted. Indeed, Judge Browning granted the motion to dismiss duplicative claims in the very case Plaintiff relies on. *Vondrak*, 2009 WL 1300945, at *2 n.1 ("There is no sound reason to allow the official-capacity claims to remain, given the case law indicating that, where the municipality is already named as a defendant, such claims are redundant.").

Plaintiff also argues that "the Tenth Circuit has allowed suit against both the governmental entity and its agent sued in his or her official capacity if either 'separate duties were breached or separate injuries resulted' such that there is an explanation for the division of damages award between the public entity and its agent." Doc. 61 at 6 (quoting *Cross Continent Dev., LLC v. Town of Akron, Colo.*, No. 09cv2413, 2012 WL 2568173, at *3 (D. Colo. July 3, 2012), *aff'd*, 548 F. App'x 524 (10th Cir. 2013)). The language from *Cross Continent* that Plaintiff quotes does not advance her argument. Even accepting its general proposition of law, Plaintiff's argument fails because Plaintiff points to no "separate duties" or "separate injuries" as between the individual Defendants on one hand and the municipality on the other.

Plaintiff's argument consists of a recitation of all the wrongdoing Plaintiff alleges collectively against all defendants in this case: According to Plaintiff, they failed to take precautionary measures to prevent misconduct or take appropriate action to investigate and reprimand players when presented with credible allegations of sexual misconduct; they were deliberately indifferent to the risk of serious harm to Plaintiff; and they possessed actual knowledge members of past sexual assault. Doc. 61 at 7. But these allegations are likewise the basis for the municipal liability claim. Doc. 1-3 ("Compl.") ¶¶ 103-09; Doc. 45 at 11 (discussing Plaintiff's *Monell* claim). In other words, Plaintiff fails to articulate how the various individual Defendants might have breached their various duties in a manner that could provide a path for the jury to consider damages against them separate from damages against FMS. She fails to specifically identify the separate duties breached or the separate injuries that resulted.

In addition, Plaintiff's argument, which looks to an unpublished district court case for support, conflicts with the Supreme Court's clear pronouncement in *Kentucky v. Graham* that "an official-capacity suit is, *in all respects other than name*, to be treated as a suit against the

entity" and that "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." 473 U.S. at 165 (emphasis added). And, even if well-established Supreme Court precedent did not exist to overwhelm the district court's unpublished decision in *Cross Continent*, a closer look at *Cross Continent* reveals the shaky foundation on which it lies.

In support of the language Plaintiff relies on from *Cross Continent*, *Cross Continent* cites to the Tenth Circuit's decision in *J.M. ex rel. Morris v. Hilldale*, and describes the holding in *J.M.* as "finding that [an] award of damages against the government agent who was sued in her official capacity was appropriate where it was to 'publicly sanction' her for her independent violations of the Whistleblower Act." *Cross Continent*, 2012 WL 2568173, at *3 (quoting *J.M. ex rel. Morris v. Hilldale,* 397 F. App'x 445, 462 (10th Cir. 2010)). But this description of *J.M.*'s holding is indisputably incorrect: *J.M.* did not even involve a whistleblower act.[1]

Granted, *J.M.* does state that if there are "independent bases for separate § 1983 actions—that either separate duties were breached or separate injuries resulted"—then a jury could theoretically award two separate sets of damages, one for each of the § 1983 actions. 397 F. App'x at 462. *J.M.*, however, did not involve separate § 1983 actions predicated on independent bases. It involved one § 1983 "danger creation" substantive due process claim

---

[1] It is possible that the district court in *Cross Continent* intended to cite *Youren v. Tintic School Dist.*, 343 F.3d 1296 (10th Cir. 2003), which did involve a whistleblower act. But, as the Tenth Circuit in *J.M.* remarked of *Youren*, "Apparently, the court permitted an award against the agent separately in order to 'publicly sanction' the agent for violations of the Whistleblower Act." 397 F. App'x at 462. The present case does not involve the prospect of a public sanction under a whistleblower act, or claims for punitive damages (as did *Youren*). And, given the extent to which *Youren* has been criticized and its apparent conflict with *Kentucky v. Graham*, the Court will only rely on it where it serves as binding precedent (which, here, it does not). *See N.F. on behalf of M.F. v. Albuquerque Pub. Schs.*, No. 14cv699 SCY/SMV, 2015 WL 13662805, at *3-4 (D.N.M. May 4, 2015).

5

(predicated on an allegation that a school did not heed warnings that one of its teachers was a sexual predator) and one § 1983 "inaction" substantive due process claim (predicated on the allegation that the school did not take appropriate action to prevent one of its teachers from acting as a sexual predator). *Id*. at 460. The district court determined that jury verdicts on these two claims were duplicative; accordingly, they could not support two separate damage awards. *Id*. The Tenth Circuit affirmed. *Id*. In the present case, as in *J.M.*, Plaintiff has no separate § 1983 actions with independent bases on which a jury could award separate damages. Thus, *J.M.* undermines, rather than supports, Plaintiff's argument.

Moreover, even assuming Plaintiff's allegations that various individual Defendants breached different duties are true, as Defendants put it, "the alleged breach of those different duties forms the basis of FMS' liability." Doc. 63 at 5. Because Plaintiff's theory is that the aggregate breaches of duty by the various individual Defendants caused her harm for which FMS is accountable, and because Plaintiff did not bring claims against the individual Defendants in their personal capacities, she does not have independent bases for damages against the individual Defendants separate from damages against FMS. Therefore, neither *Cross Continent* nor *J.M.* helps Plaintiff.

Finally, Plaintiff argues she will be harmed by dismissal of the individual Defendants because she will be limited in the amount of discovery she can serve. Doc. 61 at 9. Plaintiff has no authority stating that discretionary limits on discovery are a valid basis to refuse to dismiss duplicative claims against official-capacity defendants. If Plaintiff needs more discovery than allowed under the current scheduling order, she should move the Court for appropriate relief and explain why it is necessary in light of the discovery already conducted.

6

**CONCLUSION**

The Court GRANTS the Individual Defendants' Motion To Dismiss Duplicative Claims, Doc. 49. The claims against Eugene Schmidt, Ph.D., Dave Golden, Frank Whalen, Clay Foster, and Jared Howell in their official capacities are DISMISSED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE